IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICIO ZHAGUI | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HEALTHYEATS, LLC d/b/a FRESHII | ) |
| and JOSHUA NEWCOMER | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Patricio Zhagui, by and through his attorneys, Becerra Law Group, LLC, for his Complaint against HealthyEats, LLC d/b/a Freshii and Joshua Newcomer (herein "Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/2 *et seq.* ("IWPCA") for Defendants' failure to pay Plaintiff his earned wages at the rate agreed to by the parties.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

4. Plaintiff Patricio Zhagui resides and is domiciled in this judicial district.

5. Plaintiff Patricio Zhagui was employed by Defendants in this judicial district within the past three years. During the course of his employment, Plaintiff handled goods that moved in interstate commerce.

6. Defendant HealthyEats, LLC d/b/a Freshii (hereinafter "Freshii") is an Illinois limited liability corporation doing business within this judicial district. Defendant Freshii is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

7. Defendant Freshii was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3, and the IWPCA, 820 ILCS, 115/2.

8. Defendant Joshua Newcomer is a member of Freshii and is involved in the day-to-day business operations of the corporation. Among other things, Defendant Joshua Newcomer has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the company's checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

9. Defendant Joshua Newcomer was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3, and the IWPCA, 820 ILCS, 115/2.

10. Upon information and belief, Defendant Joshua Newcomer resides and is domiciled in this judicial district.

## FACTUAL ALLEGATIONS

11. Plaintiff worked for Defendants for approximately a year and a half.

12. Plaintiff was separated from his employment on November 17, 2017

13. Plaintiff was not paid his last paycheck despite promises from Defendants that they would send his wages in the mail.

14. Plaintiff estimates he is owed upwards of 76 hours.

15. Plaintiff has made various attempts to get paid for the hours worked with no success.

## COUNT I
### Violation of the Fair Labor Standards Act – Minimum Wages

(Plaintiff hereby realleges and incorporates paragraphs 1 through 15 of this Complaint, as if fully set forth herein.)

16. This Count arises from Defendants violation of the FLSA for their failure to pay Plaintiff the federally mandated minimum wages for all time worked.

17. During the course of Plaintiffs' employment with Defendants, Defendants failed to compensate Plaintiff the minimum wage as mandated by the FLSA.

18. Plaintiff was entitled to be paid at least the federal minimum wage for all time worked.

19. Defendants willfully violated the FLSA by not paying Plaintiff at the federal minimum wage rate.

20. Additionally, Defendants willfully violated the FLSA by refusing to pay Plaintiff for all hours he worked.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

    A. A judgment in the amount of unpaid minimum wages for all hours that

        Plaintiff worked;

    B.    Liquidated damages in an amount equal to the amount of unpaid minimum wages for which Plaintiff is found to be due and owing;

    C.    Reasonable attorneys' fees and costs incurred in filing this action; and

    D.    Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law

(Plaintiff hereby realleges and incorporates paragraphs 1 through 20 of this Complaint, as if fully set forth herein.)

21.    This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

22.    This count arises from Defendants' violation of the IMWL for Defendants' failure and refusal to pay Plaintiff the state-mandated minimum wage for all time he worked.

23.    During the course of his employment with Defendants, Plaintiff was compensated below the Illinois minimum wage rate.

24.    Plaintiff was entitled to be paid the Illinois minimum wage for all time worked.

25.    Defendants' failure to pay the Illinois minimum wage rate violated the minimum wage hour provisions of the IMWL.

26.    Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages plus damages in the amount of 2% per month of the amount of underpayment.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

    A.    A judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

    B.    Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

    C.       Reasonable attorneys' fees and costs of this action; and

    D.       Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Illinois Wage Payment and Collection Act – Failure to Pay Wages

(Plaintiffs hereby reallege and incorporate paragraphs 1 through 26 of this Complaint, as if fully set forth herein.)

27.    This count arises from Defendants' violation of the IWPCA.

28.    Defendants failed and refused to pay Plaintiff his earned wages for worked performed in October and November at the rate agreed to by the parties.

29.    Plaintiff was not compensated for work performed.

30.    Defendants' failure to pay Plaintiff for all time worked at the rate agreed to by the parties violated the IWPCA.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

    A.       A judgment in the amount of all back wages, as provided by the Illinois Wage Payment and Collection Act;

    B.       Prejudgment interest on the unpaid wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

    C.       Reasonable attorneys' fees and costs of this action as provided by the Illinois Wage Payment and Collection Act; and

    D.       Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: December 21, 2017       **PATRICIO ZHAGUI**

By: /s/Carlos G. Becerra
Attorney for Plaintiff

CARLOS G. BECERRA (ARDC #6285722)
Becerra Law Group, LLC
11 E. Adams St., Suite 1401
Chicago, Illinois 60603
Telephone: (312)957-9005
Facsimile: (888)826-5848
E-mail: cbecerra@law-rb.com